**United States District Court**
For the Northern District of California

**\*E-Filed 6/7/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| BONOFACIO CORONADO; JENNIFER CORONADO; EDUARDO CORONADO; BARBARA PECKLER; AND HANNIBAL AMARE, Individually and On Behalf of All Those Similarly Situated, | No. C 11-00706 RS |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| v. | |
| SPRINT NEXTEL CORPORATION and HTC AMERICA, INC., | |
| Defendants. | |
| _____/ | |

I.  INTRODUCTION

Plaintiffs Bonofacio Coronado, Jennifer Coronado, Eduardo Coronado, Barbara Peckler, and Haniball Amare bring this action against defendants Sprint Nextel Corporation (SNC) and HTC America, Inc.  In essence, plaintiffs contend that the products and services advertised by defendants as providing "4G" capabilities do not meet the internationally recognized standards for such technology.  Based on their allegations, plaintiffs raise the following claims: (1) violation of California's Unfair Competition Law; (2) false advertising; (3) violation of the California's Consumer Legal Remedies Act; (4) breach of express warranty; and (5) violation of the Federal Communications Act's requirement of "just and reasonable" charges and practices.  Defendant

SNC, the parent company of various Sprint subsidiaries, moves to dismiss the complaint against it for lack of personal jurisdiction. The Court heard oral argument on the motion and, for the reasons stated below, SNC's motion to dismiss is granted.

SNC is a Kansas corporation with its principal place of business in Overland Park, Kansas. It acts directly or indirectly as the parent corporation for approximately 260 other corporations, limited liability companies, limited partnerships, and other legal entities. Based on the declaration of Scott Andreasen, Assistant Secretary for SNC, that entity does not provide wireless telecommunications services in California, is not licensed to do business in California, is not subject to taxes in California, and has never signed a contract in California. Moreover, SNC maintains none of the following in California: offices, employees, corporate records, bank accounts, real property, or an agent for service of process. Sprint Solutions rather than SNC is the operating subsidiary that conducts business in California.

## II. LEGAL STANDARD

Although plaintiffs' complaint states that defendants are subject to both general and specific personal jurisdiction, in their Opposition to SNC's motion to dismiss they assert only the presence of specific jurisdiction. Specific jurisdiction may be properly invoked where the following three-part test is satisfied: (1) the defendant purposefully directs its conduct at the forum or purposely avails itself of the privileges of conducting business in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.*, it is reasonable. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). As a general rule, the activities of a subsidiary are insufficient to establish personal jurisdiction over a separate parent entity. *See Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001)). A subsidiary's contacts with the forum may be attributed to the parent corporation where the entities do not maintain separate existences or the subsidiary acts as the parent's agent. *See Unocal*, 248 F.3d at 926. On a motion to dismiss, the plaintiff bears the burden of establishing that personal jurisdiction over the defendant exists. *See Fred Martin Motor Co.*, 374 F.3d at 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

United States District Court
For the Northern District of California

III.  DISCUSSION

In this case, plaintiffs do not assert that jurisdiction is proper over SNC based on an alter ego or agency theory.  Instead, they contend that SNC maintains direct contacts with the forum. Contrary to the Andreasen declaration, plaintiffs argue that SNC has in fact formed contracts with them in California and that specific jurisdiction is therefore proper.  In particular, plaintiffs rely on the subscriber agreement entered into by Bonofacio Coronado on October 1, 2010.  The agreement establishes that the consumer is entering into a legal agreement with "Sprint."  The agreement refers to the General Terms and Conditions of Service ("terms and conditions").  According to plaintiffs, the term "Sprint" is not defined in the subscriber agreement.  Both the agreement and the terms and conditions incorporated therein, however, direct the subscriber to the Sprint website.  At that website, the "about us" web page describes Sprint Nextel as a national company with more than 49.9 million customers.  Furthermore, the "view company info" page includes links to corporate governance information, such as SNC's articles of incorporation, its bylaws, and its SEC compliance policies.

For these reasons, plaintiffs argue that SNC is indeed a party to subscriber agreements with consumers in California.  Based on that allegation, plaintiffs raise a number of additional contacts that necessarily would flow from finding a contractual relationship between plaintiffs and SNC.  For instance, plaintiffs argue that SNC provides wireless service in California, bills in California, is paid in California, and has agreed that California law governs the subscriber agreement.  Reference to the Sprint website in the subscriber agreement and the appearance of information about SNC on the site, however, are insufficient reasons to conclude that SNC is, in fact, providing wireless service to customers in California.  In making their allegations, plaintiffs nowhere respond to SNC's evidence that it is a holding company for Sprint Solutions, which is the entity entering into contracts and conducting business in California.

In addition to the alleged contractual relationship, plaintiffs argue that SNC purposefully advertises in California.  According to Andreasen, however, SNC does not engage in marketing or advertising in California or elsewhere in the United States.  In a supplemental declaration, Andreasen further states that SNC "does not maintain or own the registered domains to the websites

United States District Court
For the Northern District of California

No. C 11-00706 RS
ORDER GRANTING MOTION TO DISMISS

1    that market and/or sell wireless products or services in California, including www.sprint.com."

2    Furthermore, the complaint includes no allegations that plaintiffs relied on any advertisements on

3    the Sprint website.  Instead, plaintiffs point to advertisements from "Sprint" that are included in

4    their billing statements.  As noted above, plaintiffs' purported basis for attributing these billing

5    statements to SNC—the existence of subscriber agreements mentioning Sprint generally—is

6    insufficient.  In short, personal jurisdiction over SNC is not supported by plaintiffs' allegation that it

7    is a party to their wireless service agreements in California.

8          Alternatively, plaintiffs request that the Court provide them an opportunity to conduct

9    discovery related to jurisdictional facts.  *See, e.g., Data Disc, Inc. v. Systems Technology Associates,*

10   *Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977) (citation omitted) (explaining that a court retains

11   discretion to permit discovery into whether it has in personam jurisdiction).  Discovery is

12   appropriate if facts relevant to personal jurisdiction are controverted or some initial showing is

13   insufficient.  *Id.*   In this case, SNC's evidence that it is a holding company that does not conduct

14   business in California is uncontroverted.  Thus, granting discovery based on plaintiffs' theory of

15   jurisdiction, that SNC is nonetheless a party to their subscriber agreements, is not warranted.

16                              IV.  CONCLUSION

17         SNC's motion to dismiss for lack of personal jurisdiction is granted and the company is

18   dismissed from the complaint without leave to amend.

19

20         IT IS SO ORDERED.

21

22   Dated:  6/7/11

23                              _____
                                RICHARD SEEBORG
24                              UNITED STATES DISTRICT JUDGE

25

26

27

28

*(left margin, vertical)* United States District Court  For the Northern District of California

No. C 11-00706 RS
ORDER GRANTING MOTION TO DISMISS

4